# IN THE COURT OF APPEALS OF IOWA

No. 14-1943
Filed January 14, 2015

**IN THE INTEREST OF E.D. AND A.G.,**
**Minor Children,**

**F.D., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Woodbury County, Julie A. Schumacher, District Associate Judge.

A mother appeals from the termination of her parental rights. **AFFIRMED.**

Jessica R. Noll of Deck Law LLP, Sioux City, for appellant mother.

Thomas J. Miller, Attorney General, Kathryn K. Lang, Assistant Attorney General, Patrick Jennings, County Attorney, and Diane M. Murphy, Assistant County Attorney, for appellee State.

Hannah Vellinga or Corbett, Anderson, Corbett, Vellinga & Irvin, L.L.P., Sioux City, attorney and guardian ad litem for minor children.

Considered by Danilson, C.J., and Doyle and Tabor, JJ.

**DOYLE, J.**

A mother appeals the termination of her parental rights. She asserts the children's best interests weigh against termination, and she requests a guardianship be established instead. She also contends the State failed to prove the grounds for termination. Upon our de novo review, we affirm.

### I. Background Facts and Proceedings.

F.D. is the mother of A.G., born in 2007, and E.D., born in 2011. The mother has a history of instability, mental health issues, and substance abuse. She also has a history of involvement with the Iowa Department of Human Services (Department), including termination of her parental rights to a child in 2008 and investigations by the Department in 2011 and 2012.

In early 2013, the mother voluntarily agreed to participate in services because she was homeless and unemployed. At that time, A.G. and E.D. were living with their paternal aunt. In June 2013, the children were left with the mother's cousin, where they have since remained. The children were subsequently adjudicated children in need of assistance (CINA).

The mother was again offered services by the Department, but her initial participation was minimal. She declined substance abuse treatment in October 2013, stating she had tried treatment before and it did not work. Her visits with the children were sporadic, and the children exhibited negative behaviors following the visits, including severe tantrums and speech regression. The mother was admitted to outpatient substance abuse treatment at the end of December 2013, but she only attended two group sessions.

In January 2014, the mother was advised she needed to make progress towards getting the children back, and she was provided a list of actions she needed to accomplish to continue visitation with the children, such as following through with treatment and managing her mental health medication. She then stopped contacting the Department and participating in services altogether. She also stopped all contact with the children at that time.

On April 2, 2014, the Department filed its report to the court detailing the mother's lack of progress and recommending a termination-of-parental-rights hearing be set. The mother subsequently requested she be allowed to resume visits and phone calls with the children. On April 25, the State filed its petition for termination of the mother's parental rights, and it resisted her request for contact with the children.

Following a hearing in June 2014, the court entered its order denying the mother's request for restarting visits and phone calls, noting the children had not seen the mother for five months and had progressed in their behaviors since the visits ceased. The mother subsequently met with the Department case manager, and she reported she had been participating in mental health therapy but not substance abuse treatment. The case plan was reviewed with the mother, and she was advised of the things she needed to do to restart visits.

A hearing on the State's termination-of-parental-rights petition was held in August 2014. The mother provided attendance slips showing she had been attending AA and NA meetings regularly since June 27, 2014, but she did not testify. She requested the court place the children in a guardianship with relatives, arguing termination of her parental rights was not in the children's best

interests. She acknowledged "she might not be able to be a placement today for the children, which is why she thinks that guardianship would be more important." Following the hearing, the juvenile court entered its order terminating the mother's parental rights.

The mother now appeals.

## II. Discussion.

In determining whether parental rights should be terminated under chapter 232, the juvenile court "follows a three-step analysis." *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Step one requires the court to "determine if a ground for termination under section 232.116(1) has been established" by the State. *Id.* If the court finds grounds for termination, the court moves to the second step of the analysis: deciding if the grounds for termination should result in a termination of parental rights under the best-interest framework set out in section 232.116(2). *Id.* at 706-07. Even if the court finds "the statutory best-interest framework supports termination of parental rights," the court must proceed to the third and final step: considering "if any statutory exceptions set out in section 232.116(3) should serve to preclude termination of parental rights." *Id.* at 707. We review the mother's claims on appeal de novo. *See In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014).

### A. Grounds for Termination.

The grounds for termination must be proved by clear and convincing evidence. Iowa Code § 232.116(1) (2013); *see also D.W.*, 791 N.W.2d at 706. When the juvenile court terminates parental rights on more than one statutory

ground, we may affirm on any ground we find supported by the record. *D.W.*, 791 N.W.2d at 707; *In re R.R.K.*, 544 N.W.2d 274, 276 (Iowa Ct. App. 1995).

The mother does not contest any particular statutory ground found by the juvenile court, arguing only that there is not clear and convincing evidence to support termination and citing Iowa Code section 232.116. Generally, failure to cite authority in support of an issue may be deemed a waiver of that issue. *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue.").

Nevertheless, even if we were to reach the general argument the mother makes, we find clear and convincing evidence to support termination under section 232.116(1) subsection (f) as to A.G., and subsection (h) as to E.D. These two grounds for termination are essentially the same but for the applicable age of the child and the amount of time the child has been out of the home. *See* Iowa Code § 232.116(1)(f) ("The child is four years of age or older" and "has been removed . . . for at least twelve of the last eighteen months"), (h) ("The child is three years of age or younger" and "has been removed . . . for at least six months of the last twelve months"). Both paragraphs (f) and (h) require the State to prove, by clear and convincing evidence, "the child cannot be returned to the custody of the child's parents . . . at the present time." *See id.* § 232.116(1)(f)(4), (h)(4).

Here, each child has been adjudicated a CINA and meets the age and removal requirements set forth in the applicable statutory ground. Additionally, the mother admitted at the time of the hearing and again in her appellate brief the children could not be returned to her care at the time of the hearing. The State

clearly met its burden, and we therefore agree with the juvenile court that termination of the mother's parental rights was proper under Iowa Code section 232.116(1) paragraphs (f) and (h).

### B. Best Interests and Other Considerations.

The mother asserts placing the children in a guardianship rather than terminating her parental rights was in the children's best interests. She contends a guardianship would be a more suitable permanency option for the children, stating that because of the closeness of the parent-child relationship, termination of her parental rights would be detrimental to the children. Upon our de novo review of the record, we disagree.

Our legislature has constructed a time frame to balance a parent's efforts against the children's long-term best interests. *In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000). We measure best interests by the statutory language, giving primary consideration to the children's safety, and to the best placement for promoting their long-term nurturing and growth and their physical, mental, and emotional conditions and needs. Iowa Code § 232.116(2). "[W]e cannot deprive [children] of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home." *A.M.*, 843 N.W.2d at 113. We note that a guardianship is not a legally preferable alternative to termination of parental rights and adoption, *see In re L.M.F.*, 490 N.W.2d 66, 67-68 (Iowa Ct. App. 1992), and termination is the appropriate solution when a parent is unable to regain custody within the time frames of chapter 232. *See In re C.K.*, 558 N.W.2d 170, 174 (Iowa 1997) ("An appropriate determination to terminate a

parent-child relationship is not to be countermanded by the ability and willingness of a family relative to take the child.").

Here, the mother has long-standing issues with substance abuse, mental illness, and instability. Despite ongoing services from the Department, the mother failed to show the kind of progress during this case while the children have been out of her care to merit prolonging the uncertainty. In this case, the balance has reached the tipping point toward providing these children permanency.

There was no evidence that termination of the mother's parental rights would be detrimental to the children. Rather, the evidence indicated the children had improved substantially since their contact with the mother ended. The children are doing well in their relative placement, and all evidence suggests the children will continue to thrive in the family's care. The family wishes to adopt the children. Taking into account the relevant factors, we agree with the juvenile court that the children's best interests are served by severing their legal tie with the mother, and we see no evidence the bonds are so strong as to outweigh the children's need for permanency. In this case, the juvenile court appropriately declined the guardianship option in favor of termination.

### IV. Conclusion.

Upon our de novo review, we conclude the State proved a statutory ground for termination of the mother's parental rights. Additionally, we find it is in the children's best interest to terminate her parental rights and no statutory exception applies to avoid termination. We therefore affirm the juvenile court.

**AFFIRMED.**